## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

In re:

David Mark Marshall,

                         Debtor

Chapter 7
Case No.  16-10205

William K. Harrington,

                         Plaintiff

      v.

David Mark Marshall,

                         Defendant

Adv. Proc. No. 16-1027

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

The Court conducted a hearing on the United States Trustee's Motion for Entry of

Default Judgment [Dkt. No. 6] on May 11, 2017.  The United States Trustee appeared through

counsel, and the trustee in Mr. Marshall's chapter 7 case also appeared.  Mr. Marshall, the

defendant in this adversary proceeding, did not appear, either on his own behalf or through

counsel.  Mr. Marshall also did not appear at a prior hearing on the motion on April 11, 2017.

The United States Trustee is entitled to a default judgment in this adversary proceeding

based on (i) the well-pleaded factual allegations in the complaint in this proceeding, which have

been admitted by operation of Fed. R. Civ. P. 8(b)(6); (ii) the Court's judicial notice of the

docket and the items entered on the docket in Mr. Marshall's chapter 7 case (Case No. 16-10205)

and (iii) the uncontested offers of proof made by the chapter 7 trustee at hearings on April 11,

2017 and May 11, 2017.  Denial of a discharge under 11 U.S.C. § 727(a)(4)(A) and 11 U.S.C. §

727(a)(4)(D) is justified by the cumulative sum of Mr. Marshall's repeated failures to appear for

examination at the section 341 meeting, the numerous errors and omissions on the schedules,

statements, and other documents required by Fed. R. Bankr. P. 1007(b), and his failure to comply

with his duties as a chapter 7 debtor including, without limitation, the failure to provide pay

advices to the trustee as required by 11 U.S.C. § 521(a)(1)(B)(iv).  Mr. Marshall has appeared

*pro se* in this adversary proceeding and in the associated chapter 7 case, although he has been

encouraged to obtain counsel several times.  Mr. Marshall has been given multiple opportunities

to comply with his obligations as a chapter 7 debtor.  At each turn, he has failed to comply or has

complied only after substantial delay.[1]  In short, Mr. Marshall has repeatedly flouted his

obligations as a debtor in a case under Title 11.  The United States Trustee has not presented

evidence regarding the value of assets that should have been, but were not, disclosed on the

schedules.  But that failure is understandable and, perhaps more to the point, the sheer quantity

of Mr. Marshall's omissions and the persistent nature of his failure to cooperate are enough.  *See*

Smith v. Grondin, 232 B.R. 274 (B.A.P. 1st Cir. 1999); *cf.* Pereira v. Young, 346 B.R. 597

(Bankr. E.D.N.Y. 2006).  Under all of the facts and circumstances, the United States Trustee has

demonstrated that Mr. Marshall has acted, or failed to act, with the requisite knowing and

fraudulent intent.  He is not entitled to a discharge under section 727.

---

[1]  For example, in late April 2016, the chapter 7 trustee asked for Mr. Marshal's income tax returns for 2015. Almost one year late, on or about April 10, 2017, Mr. Marshall provided a transcript of his 2015 federal income tax return to the trustee.

The Clerk is directed to enter a separate judgment under Fed. R. Civ. P. 58(b)(2) in favor

of the United States Trustee on both counts of his complaint. No costs are awarded.

Dated:  May 11, 2017

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine